JUDGE DANIELS

EDWARD C. RADZIK (ER-2473)
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801

10 CV 1674

RECEIVED
MAR 02 2010
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

PS INTERNATIONAL LTD.,

Plaintiff,

- against -

MEDITERRANEAN SHIPPING COMPANY, S.A. and BERNUTH LINES LTD.; and ANGELN GMBH & CO. KG,

Defendants.

------------------------------------------------------X

10 Civ.

**COMPLAINT**

Plaintiff, by its attorneys, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, alleges upon information and belief, as follows:

**FIRST**: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**SECOND**: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal office and place of business stated in Schedule "A", hereto annexed, and by this reference made a part hereof.

**THIRD:** At and during all the times hereinafter mentioned, Defendants had and now have the legal status and office and place of business stated in Schedule "A", and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel *M.V. ANGEL N* above named as common carriers of merchandise by water for hire.

**FOURTH**: This Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with the State of New York and by reason of the forum selection clause contained in the bill of lading contract of carriage issued by Defendant, MSC and ratified by Defendants Bernuth and Angeln which contract specifies that disputes under said bill of lading are subject to the jurisdiction of the United States District Court for the Southern District of New York.

**FIFTH**: The Bill of Lading contract of carriage specified that the ocean freight for the shipment was payable by the Shipper to Defendant Mediterranean Shipping Company in New York.

**SIXTH**: On or about the date and at the ports of shipments stated in Schedule "A", there was shipped by the shipper therein named and delivered to Defendants and the *M.V. ANGEL N*, as common carriers, the shipments described in Schedule "A" then being in good order and condition, and Defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed

freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedule "A", and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule "A".

**SEVENTH**: Thereafter, the said vessel and its cargo sank off the coast of St. Lucia and Defendants failed to make any delivery of the shipments whatsoever and said shipment became a total loss all in violation of Defendants' and the vessel's obligations and duties as a common carrier of merchandise by water for hire.

**EIGHTH**: Plaintiff was the shipper, consignee or owner of the shipments described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as its respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**NINTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $225,183.75.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all its property within this District as shall be described in Schedule "A", be attached in the sum of $225,183.75, with interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matter aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

5. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 2, 2010

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
*Attorneys for Plaintiff,*

BY: ______________________

EDWARD C. RADZIK (ER-2473)
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 376-6400
Ecradzik@mdwcg.com

## SCHEDULE A

**Plaintiff's Legal Status and Office and Place of Business:**

Plaintiff, PS International Ltd., was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States with an office and place of business at 1414 Raleigh Road, Chapel Hill, North Carolina, 27517.

**Defendant's Legal Status and Office and Place of Business:**

Defendant, Mediterranean Shipping Company, S.A. was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at 40, Avenue Eugene-Pittard, CH-1206, Geneva, Switzerland and in care of Mediterranean Shipping Company (USA) at 420 Fifth Avenue, 8th Floor, New York, NY 10018-2702.

Defendant, Bernuth Lines Ltd. (Charterers-Operators), was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at 3201 N.W. 24th Road, Miami, FL 33142-6913.

Defendant, Angeln GmbH & Co. KG (Registered Owners), was and now is a corporation or other business entity organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at Schaarsteinwegsbruecke 2, 20459, Hamburg, Germany.

| | | |
|---|---|---|
| Vessel | : | *M.V. ANGEL N* |
| Bill of Lading No. | : | MSCSU182748 |
| Container Nos. | : | MEDU1378560; MSCU1517421; GLDU3975515; MEDU3258970; TCLU2148510; MSCU1199320; MSCU3670532; GATU0163898; MSCU6894290; MSCU3670532 |
| Date of Shipment | : | January 29, 2010 |
| Port of Loading | : | Suape |
| Intended Port of Discharge | : | Paramaribo |

| | | |
|---|---|---|
| Date of Loss | : | February 21, 2010 |
| Shipper | : | Petro Energia Industria & Commercio Ltda. |
| Consignee | : | To Order |
| Description | : | Raw Sugar |
| Nature | : | Total Loss Due to Vessel Sinking |
| Amount | : | $225,183.75 |